UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GREGORY A. GEIMAN, as he is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR-MANAGEMENT COOPERATION TRUST, and HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUND; and INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND,<br>Plaintiffs,<br><br>vs.<br><br>EQUIPMENTSHARE.COM, INC. d/b/a EQUIPMENTSHARE,<br>Defendant. | C.A. No. |

**VERIFIED COMPLAINT FOR DELINQUENT<br>FRINGE BENEFIT CONTRIBUTIONS**

**NATURE OF ACTION**

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to make contributions under the terms of a collective bargaining agreement and the plans.

**JURISDICTION**

2.    The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## **PARTIES**

3. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund. This Fund provides participant-directed individual accounts including a 401(k). The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6. Plaintiff Gregory A. Geiman is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. This Fund trains apprentices and journey workers on the construction industry. The Hoisting and Portable Engineers Local 4 Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA,

29 U.S.C. §1002(1).  The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. Plaintiff Gregory A. Geiman is the Administrator of the Joint Labor-Management Cooperation Trust.  This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9).  The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8. Plaintiff International Union of Operating Engineers National Training Fund trains apprentices and journey workers on the construction industry at a national level.  The National Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 1125 17th Street, NW Washington, DC 20036.

9. The Health and Welfare, Pension, Annuity and Savings, and Apprenticeship and Training Funds, as well as the National Training Fund, are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."

10. Defendant EquipmentShare.com, Inc. d/b/a EquipmentShare ("EquipmentShare") is a foreign corporation, organized under the laws of the State of Delaware, with a principal place of business of 5710 Bull Run Drive, Columbia, MO 65201.  EquipmentShare's registered agent for service is CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.  EquipmentShare is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

**GENERAL ALLEGATIONS OF FACT**

11. On or about March 20, 2025, Defendant became party to a collective bargaining agreement with the International Union of Operating Engineers Local 4 that is effective for the period from February 1, 2025 through January 31, 2028 ("the CBA"). A copy of the CBA is attached hereto as Exhibit A.

12. The CBA requires Defendant to make contributions to Plaintiff Funds for each payroll hour for each person covered by the CBA, at rates prescribed therein, and to pay interest on late payments at the rate of one (1%) percent per month.

13. Pursuant to the CBA, employers are also obligated to deduct from wages and remit a negotiated percentage of the gross wage package for union dues. If employees so elect, the employer is also obligated to deduct money from wages and pay to the Social Action Committee ("SAC"). If employees so elect, the employer is also obligated to withhold an amount from the employees' gross wages before any deduction for taxes for deposit in the Annuity and Savings 401(k) plan.

14. Upon information and belief, Defendant has performed work under the CBA but has failed to remit any of the contributions, dues and SAC deductions due for the work months of February through April 2025. The company has self-reported contributions due and owing for the period of February through April 2025 totaling $60,424.45. This amount has not been verified via payroll audit.

15. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

**COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS**

16. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-15 supra.

17. The failure of Defendant to make contributions on behalf of all covered employees as required by the terms of the trust agreements and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

18. Absent an order from this Court, Defendant will continue to refuse to pay the monies it owes to the Funds, and the Funds and their participants will be irreparably damaged.

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

19. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-18 supra.

20. The failure of Defendant to make contributions on behalf of all covered employees as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

## COUNT III – VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

21. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-20 supra.

22. The failure of Defendant to remit the dues and SAC contributions it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment of the machinery, inventory, and accounts receivable of the Defendant;

  b.  Order the attachment of real estate standing in the name of the Defendant;

  c.  Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to make contributions to Plaintiff Funds;

  d.  Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to remit dues and SAC contributions;

  e.  Enter judgment in favor of the Plaintiff Funds in the total of $60,424.45, representing contributions for the months of February through April 2025, together with the continued accrual of interest on the unpaid contributions at the rate of 1% per month per the collective bargaining agreement, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2), along with any further amounts that may come due during the pendency of this action; and

  f.  Such further and other relief as this Court deems appropriate.

            Respectfully submitted,

            GREGORY A. GEIMAN, as he is
            ADMINISTRATOR, INTERNATIONAL UNION
            OF OPERATING ENGINEERS LOCAL 4
            HEALTH AND WELFARE, PENSION,
            ANNUITY AND SAVINGS FUNDS, *et al.*,

            By their attorney,

            /s/Gregory A. Geiman
            Gregory A. Geiman, Esq.
            BBO #655207
            I.U.O.E. Local 4 Trust Funds
            16 Trotter Drive
            Medway, MA  02053
            (508) 533-1400 x140
            ggeiman@local4funds.org

Dated:  May 22, 2025

## **VERIFICATION**

I, Gregory A. Geiman, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 22nd DAY OF MAY, 2025.

/s/Gregory A. Geiman
Gregory A. Geiman